UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MITCHELL,<br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br>    Defendants. | Case No. 13-cv-03765-JD<br><br>**ORDER GRANTING EXTENSION**<br>Re: Dkt. Nos. 39, 40, 44, 45 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Defendants Clark and Pachynski filed a motion to dismiss on February 11, 2015 and defendant Hall filed a motion for summary judgment on February 12, 2015. Plaintiff requested a 60 day extension to oppose these motions but has still not filed an opposition. He has now filed another request for a 60 day extension and a request for admissions. Plaintiff will be provided until July 3, 2015, to file his oppositions.

Plaintiff has also filed a request for admissions but the filing contains no specific information or requests. Plaintiff is informed that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed.R.Civ.P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of

addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ .P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. The Court also notes that service was ordered on August 6, 2014, so it is not clear why plaintiff has not previously sought discovery and he must file oppositions to the pending motions.

## CONCLUSION

1. Plaintiff's motion for an extension (Docket No. 44) is **GRANTED IN PART**, and plaintiff has until **July 3, 2015**, to file his oppositions.

2. The request for admissions (Docket No. 45) is **DENIED**.

3. Plaintiff's prior motions for extensions (Docket Nos. 39, 40) are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: June 10, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL MITCHELL,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. 13-cv-03765-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 10, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell Mitchell ID: CDCR# K-48636
Mule Creek State Prison  B-9-220U
P.O. Box 409040
Ione, CA 95640

Dated: June 10, 2015

Richard W. Wieking
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

3