UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 13-cv-03765-JD<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 62, 63 |

Darrell Mitchell is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. The Court granted a motion for summary judgment and a motion to dismiss and all but one defendant was dismissed with prejudice from this case. In the motion to dismiss, the Court allowed plaintiff to file a second amended complaint for the claims against defendant Pachnyski only. Plaintiff was advised that he must provide additional information concerning how Pachynski was deliberately indifferent to his serious medical needs in treating his ear problems. With respect to the allegation that Pachynski contacted medical staff at Lake County Jail and instructed a doctor or doctors not to treat plaintiff, he was asked to state how he was aware of this information and what medical treatment was denied as a result of Pachynski's instruction. Plaintiff has filed a second amended complaint and defendant has filed a motion requesting screening of it. The Court will screen the complaint.

**DISCUSSION**

## I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v.*

2

*Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff states that he has had discomfort, pain, and ringing in his right ear since he arrived at San Quentin State Prison ("SQSP") on November 6, 2008. He states that defendant has known about his medical condition but refuses to provide necessary medication. Plaintiff also alleges that defendant contacted a doctor at Lake County Jail and stated plaintiff would be treated when he returned to SQSP.

3

Plaintiff's previous complaints described in detail the treatment and medication he received from doctors at SQSP and at the University of California San Francisco, where he was repeatedly taken for treatment. The second amended complaint contains fewer factual allegations and fails to state a claim for the same reasons set forth in the motion to dismiss.

With respect to the allegation that Pachynski contacted medical staff at Lake County Jail and stated plaintiff would be treated at his return to SQSP, the allegations in this second amended complaint again fail to state a claim. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Plaintiff's bare allegations are insufficient to state a claim under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plaintiff has again failed to provide information regarding the medical care he sought at Lake County Jail, including what care was provided or denied, and how he knows Pachynski was responsible. He has again failed to describe how the denial of treatment violated the Eighth Amendment. The Court also noted in the motion to dismiss that plaintiff stated he was transferred to Lake County Jail from January 22, 2009, to October 15, 2009, yet the first time Pachynski treated him was on April 22, 2010. Plaintiff failed to address how Pachynski contacted Lake County Jail to stop plaintiff's treatment, before she ever treated him.

Defendant Pachynski is dismissed with prejudice from this action. Plaintiff has been provided several opportunities to amend and provide additional information concerning his claims, yet his conclusory allegations again fail to state a claim. No more amendments will be allowed because it is clear that further amendments would be futile.

**CONCLUSION**

1. Defendant's motion to screen the second amended complaint (Docket No. 62) is **GRANTED**.

1     2.     Defendant Pachynski the sole remaining defendant is **DISMISSED** with prejudice.
2 The Clerk shall close the case.
3     3.     Plaintiff's motion to expand the record to include new allegations that occurred at a
4 different prison in a different district (Docket No. 63) is **DENIED**.
5     **IT IS SO ORDERED.**
6 Dated:  January 19, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MITCHELL,<br><br>     Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>     Defendants. | Case No.  13-cv-03765-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 19, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell Mitchell ID: CDCR# K-48636
Mule Creek State Prison  B-9-220U
P.O. Box 409040
Ione, CA 95640

Dated: January 19, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO